**Rodolfo AVINA–RODRIGUEZ, a.k.a. Rodolfo Avina, a.k.a. Rodolfo Rodriguez, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73979.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2013.*

Filed July 31, 2013.

John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Colin J. Tucker, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rodolfo Avina–Rodriguez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing de novo questions of law, *Ramirez–Villalpando v. Holder*, 645 F.3d 1035, 1038 (9th Cir.2011), we deny the petition for review.

The BIA correctly concluded that Avina–Rodriguez's two convictions under California Penal Code § 484(a) and § 666, each resulting in a 2–year prison sentence, constitute aggravated-felony theft offenses under 8 U.S.C. § 1101(a)(43)(G) that render him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3) because a modified-categorical analysis of the felony complaints, read in conjunction with the abstracts of judgment, establishes that Avina–Rodriguez pleaded to unlawfully stealing, taking, and carrying away the personal property of Home Depot and Walmart. *See United States v. Rivera*, 658 F.3d 1073, 1077–78 (9th Cir.2011) (concluding that a plea to a complaint alleging that the petitioner " 'did unlawfully and in violation of Penal Code Section 484(a), steal take and carry away the personal property of WAL–MART' " established that he "was convicted of a generic

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

theft offense"); *see also Ramirez-Villal-pando*, 645 F.3d at 1041 (relying on an abstract of judgment and a felony complaint to conclude that the petitioner had pleaded guilty to an aggravated-felony theft offense).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.